Michael J. McCue (NV Bar No. 6055)
MMcCue@LRRLaw.com
Zachary T. Gordon (NV Bar No. 13133)
ZGordon@LRRlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorneys for Plaintiff*
*CityCenter Land, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CITYCENTER LAND, LLC, a Nevada limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MELO DEVELOPMENT, INC., a Florida corporation, and MELO CONTRACTORS CORP., a Florida corporation,<br><br>　　　　　　Defendants. | COMPLAINT |

For its Complaint, Plaintiff CityCenter Land, LLC ("CityCenter" or "Plaintiff") alleges the following:

### NATURE OF THE CASE

1.　This is an action by CityCenter, owner of federal trademark rights in the ARIA mark for hotel, leasing, and numerous other services and goods, against Melo Development, Inc. and Melo Contractors Corp. for trademark infringement and unfair competition based on their use of the ARIA mark followed by the geographic descriptor "on the bay" for a mixed-use development. CityCenter seeks damages, injunctive relief, attorneys' fees and costs.

### JURISDICTION AND VENUE

2.　This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C.

§§ 1331 and 1338(a) because Plaintiff's claims for trademark infringement and unfair competition arise under the laws of the United States, specifically, under the Lanham Act, 15 U.S.C. § 1114 and 1125(a). This Court has supplemental jurisdiction over Plaintiff's common law claims.

3.  This Court has personal jurisdiction over Defendants. Defendants purposefully, willfully, and/or intentionally infringed upon Plaintiff's ARIA trademark by adopting the ARIA mark followed by the geographic descriptor "on the bay" for the same or related services. Upon information and belief, Defendants adopted the ARIA mark with the knowledge that Plaintiff is located in Nevada and that Plaintiff would likely suffer injury or harm resulting from the infringement in Nevada. Indeed, Defendants continued their infringing conduct despite notice from Plaintiff. Upon information and belief, Defendants have purposefully directed their tortious conduct and activities at Plaintiff in Nevada, and Plaintiff's claims arise out of such conduct and activities. The exercise of personal jurisdiction is reasonable.

4.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because jurisdiction is not founded solely on diversity of citizenship and a substantial part of the property that is the subject of this action—namely, Plaintiff's ARIA trademark—is situated in this judicial district. Venue is proper in the unofficial Southern division of this Court.

## PARTIES

5.  Plaintiff CityCenter Land, LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

6.  Defendant Melo Development, Inc. is a Florida corporation with its principal place of business in Miami, Florida.

7.  Defendant Melo Contractors Corp. is a Florida corporation with its principal place of business in Miami, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

### Background on CityCenter

8.  CityCenter is the owner and operator of CityCenter, a mixed use urban complex located on 76 acres on the world-famous Las Vegas Strip. At the time of its development during 2004 through 2009, CityCenter was the largest privately funded construction project in the history

of the United States. CityCenter is comprised of luxury hotels, a casino, residences, shopping, restaurants, and entertainment, including the ARIA resort & casino ("ARIA"), the Crystals retail center, Veer Condominiums, Mandarin Oriental hotel, and the Vdara condo-hotel and spa.

9. The ARIA property features 4,004 guest rooms, 150,000 square feet of gaming space, a 215,000 square foot outdoor pool space featuring 50 cabanas, luxury shopping, a spa and salon, world-renowned restaurants, lounges, 300,000 square feet of convention and meeting room space, and other amenities.

10. The ARIA property has received widespread recognition and numerous awards and has been featured in media throughout the United States, including in *The New York Times* and *USA Today*.

11. Upon information and belief, tens of millions of consumers in the United States have been exposed to the ARIA mark. Indeed, nearly 40 million people visit Las Vegas each year and a significant number of visitors are exposed to the ARIA property, which is located on the central Las Vegas Strip.

12. CityCenter owns several United States trademark registrations for the ARIA mark on the Principal Register of the United States Patent and Trademark Office for a variety of goods and services, including the following:

| Mark | Reg. No. | Reg. Date | Goods And Services |
|---|---|---|---|
| ARIA | 3,920,125 | Sep. 2, 2008 | Leasing of shopping mall space to others; building leasing; leasing of office space. |
| ARIA | 4,053,358 | April 11, 2008 | Casinos; health club, namely, providing instruction and equipment in the field of physical exercise; amusement arcades; recreational services in the nature of pools; provision of sports facilities, sports instruction services in the fields of tennis and golf, arranging and conducting athletic events, competition and sports events, arranging and conducting of seminars; entertainment in the nature of dance performances; presentation of live comedy shows and plays; art exhibitions; photography services; and providing facilities for recreation activities. |

| Mark | Reg. No. | Reg. Date | Goods And Services |
|---|---|---|---|
| ARIA | 3,807,606 | March 3, 2009 | Hotels, hotel resort services; provision of convention, conference, exhibition and meeting facilities; restaurant and bar services, cafes; cafeterias; catering; child care; buffet-style restaurants; cocktail lounges; arena services, namely, providing facilities for sports, concerts, conventions and exhibitions; and snack bars; travel agency services, namely, making reservations and bookings for restaurants and meals. |
| ARIA | 3,845,671 | Sep. 7, 2010 | Providing facilities for business meetings; art galleries; retail store services featuring artworks; customer incentive award program, namely, a casino customer loyalty program that provides casino benefits to reward repeat customers, for commercial, promotional and advertising purposes. |
| ARIA | 3,807,607 | July 22, 2010 | Wedding chapel services; hotel concierge services. |
| ARIA | 3,822,415 | July 20, 2010 | Beauty salons; health spa services, namely, cosmetic body care services; health spa services for health and wellness of the body and spirit offered at a health resort; flower arranging. |
| ARIA | 3,822,414 | July 20, 2010 | Arranging excursions for tourists; transportation of passengers by car, van and bus; valet parking; travel agency services, namely, making reservations and bookings for transportation. |

These federal trademark registrations have not been abandoned, canceled, or revoked. CityCenter also has common law rights in the ARIA mark for other goods and services. CityCenter's federal trademark registrations for ARIA and its common law trademark rights in the ARIA mark are collectively referred to as the "ARIA Marks."

13.  Based on its federal trademark registrations and common law rights, CityCenter owns the exclusive right to use the ARIA Marks in connection with these goods and services. CityCenter has the right to stop others from using the same or confusingly similar marks for the same or related goods and services throughout the United States.

14.  Upon information and belief, Defendants form part of a real estate development firm known as the Melo Group, which consists of various business organizations controlled by members of the Ferreira de Melo family. Upon information and belief, The Melo Group develops residential and commercial buildings.

15.  Earlier this year, the Melo Group unveiled "ARIA on the Bay," a mixed-use development project in Miami, Florida that will include 647 residences and 40,000 square feet of

commercial space. According to the development's website, ARIA on the Bay will offer the following amenities: pools and a hot tub; indoor/outdoor social room; expansive sun deck and lounge area; street-level retail and office space; 24-hour reception desk and on-site monitoring; controlled-entry garage with assigned parking; valet parking; state-of-the-art gym and yoga studio; outdoor fire pit with custom seating; BBQ area with summer kitchen features; great room with social areas including pool table and flat screen TV; private spa and massage treatment area; game room and library; screening room/theater; teen lounge and kids playroom; and a business center with conference room and offices. Sales for condominiums within the development began in August of 2014.

16. Defendants' ARIA on the Bay is confusingly similar to CityCenter's ARIA Marks. The dominant term of both marks is the word "ARIA." The Defendants merely added the geographic descriptor "on the bay" to identify the location of the property on Biscayne Bay. This is a common practice in the industry. For example, Best Westin has a hotel on Miami Beach referred to as "Best Western on the Bay." Similarly, "Quantum on the Bay" and "Charter Club on the Bay" are two high-rise condominium complexes on Biscayne Bay that use the geographic descriptor for the same purpose. Thus, the addition of "on the bay" is not sufficient to distinguish the parties' marks.

17. Furthermore, Defendants have used—and consumers are likely to use—the ARIA mark alone to refer to Defendants' property. In fact, the designer of ARIA on the Bay—who is quoted on the development's website—refers to the property as simply "ARIA."

18. In addition, the Melo Group offers services under its ARIA on the Bay mark that are similar to those offered under Plaintiff's ARIA Marks and for which CityCenter owns exclusive federal trademark rights, including health club services, spa services, and providing facilities for business meetings. More specifically, the following table lists services to be offered by Defendants under the ARIA on the Bay mark and those that are directly covered by CityCenter's federal trademark registrations.

| ARIA on the Bay | ARIA |
|---|---|
| ARIA on the Bay will have a state-of-the-art gym and yoga studio and two curved sunrise/sunset pools. | CityCenter uses ARIA in connection with, among other things, "health club, namely, providing instruction and equipment in the field of physical exercise," "recreational services in the nature of pools," and "providing facilities for recreation activities." *See* U.S. Reg. No. 4,053,358. |
| ARIA on the Bay will have 40,000 square feet of ground floor retail and several lower floors of commercial/office space. | CityCenter uses ARIA in connection with "leasing of shopping mall space to others; building leasing; leasing of office space." *See* U.S. Reg. No. 3,920,125. |
| ARIA on the Bay will offer high-speed wireless internet in social spaces. | CityCenter uses ARIA in connection with, among other things, "providing access to area networks and a global computer information network." *See* U.S. Reg. No. 3,914,691. |
| ARIA on the Bay will offer valet parking. | CityCenter uses ARIA in connection with, among other things, "valet parking." *See* U.S. Reg. No. 3,822,414. |
| ARIA on the Bay will have a private spa and massage treatment area. | CityCenter uses ARIA in connection with "beauty salons; health spa services, namely, cosmetic body care services; health spa services for health and wellness of the body and spirit offered at a health resort; flower arranging." *See* U.S. Reg. No. 3,822,415. |
| ARIA on the Bay will have a business center with a conference room and offices. | CityCenter uses ARIA in connection with, among other things, "providing facilities for business meetings." *See* U.S. Reg. No. 3,845,671. |
| ARIA on the Bay will have a 24-hour reception desk. | CityCenter uses ARIA in connection with, among other things, "hotel concierge services," *see* U.S. Reg. No. 3,807,607, "travel agency services, namely, making reservations and bookings for transportation," *see* U.S. Reg. No. 3,822,414, and "for travel agency services, namely, making reservations and bookings for restaurants and meals," *see* U.S. Reg. No. 3,807,606. |

19. Moreover, condominiums are closely related to hotel services. Indeed, many hotels offer condos. For example, two well-known Miami properties, Canyon Ranch and Fontainebleau offer both hotel rooms and condos. Many other properties do the same, including 1 Hotel and Homes South Beach, Epic Miami, and W South Beach. Similarly, CityCenter's parent sells condos and leases hotel rooms in the same building, including, for example, at the Vdara (which is located adjacent to ARIA) and The Signature at MGM Grand. Thus, condominium services are closely related to hotel services.

20. Furthermore, CityCenter's ARIA and Defendants' ARIA on the Bay are similar in appearance: high-rise buildings covered in glass and defined by clean, curved lines. Both ARIA

and ARIA on the Bay have or will have a modern and luxurious aesthetic.

21. CityCenter's ARIA Marks are entitled to broad protection. The ARIA mark is inherently distinct and conceptually strong. ARIA means "a long, accompanied song for a solo voice, typically one in an opera or oratorio." ARIA has no relevance to hotels, residences, or related goods and services. The ARIA mark is also commercially strong. CityCenter has invested millions of dollars to advertise and promote the ARIA Marks and the associated goods and services in a variety of media, including print, broadcast, and on the Internet. Through this investment, the ARIA Marks have gained widespread recognition among consumers.

22. Finally, the parties marketing channels overlap. CityCenter advertises the ARIA property through a variety of media, including an extensive online presence through its website <aria.com>, Facebook page <facebook.com/ARIA>, Instagram account <instagram.com/arialv>, and Twitter account (@AriaLV). Defendants also advertise online using the same channels, including a website <ariaonthebay.com>, Facebook page <facebook.com/ariaonthebay>, and Instagram account <instagram.com/ariaonthebay>.

23. On July 24, 2014, counsel for Plaintiff sent a cease and desist letter to the Melo Group demanding that it cease use of the ARIA Marks.

24. On August 7, 2014, the Melo Group, through counsel, summarily denied Plaintiff's allegations and refused to comply with Plaintiff's demand.

25. On October 24, 2014, after further investigation, counsel for both parties discussed the matter. Again, the Melo Group denied Plaintiff's allegations and refused to cease use of the infringing mark.

### COUNT I
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114(a))

26. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

27. Defendants' use of the ARIA on the Bay mark constitutes a reproduction, copying, counterfeit, and colorable imitation of the ARIA Marks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

28. As a direct and proximate result of Defendants' infringement of the ARIA Marks, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT II
(Unfair Competition under
the Lanham Act, 15 U.S.C. § 1125(a))

29. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

30. Defendants' use of the ARIA on the Bay mark in commerce constitutes a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Plaintiff and Defendants, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

31. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT III
(Common law trademark infringement)

32. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

33. Defendants' use of the ARIA on the Bay mark constitutes trademark infringement under common law.

34. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT IV
(Common law unfair competition)

35. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

36. Defendants' use of the ARIA on the Bay mark constitutes unfair competition under

common law.

37. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. A temporary, preliminary, and permanent injunction prohibiting Defendants and their respective officers, agents, servants, employees, and/or all other persons acting in concert or participation with them, from using the ARIA Marks, or any confusingly similar variations thereof, in connection with real estate developments, including, without limitation, the ARIA on the Bay in Miami, Florida;

B. An award of compensatory, consequential, statutory, and/or exemplary damages to Plaintiff in an amount to be determined at trial;

C. An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

D. All other relief to which Plaintiff is entitled.

Dated: this 23rd day of January, 2015.

    Respectfully submitted,

    LEWIS ROCA ROTHGERBER LLP

    By: /s/ *Michael J. McCue*
    Michael J. McCue
    Zachary T. Gordon
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, Nevada 89169
    Tel: (702) 949-8200
    Fax: (702) 949-8398

    Attorneys for Plaintiff
    CityCenter Land, LLC